Case 2:25-cv-00147   Document 7   Filed on 06/16/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 16, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FLOYD JUNIOR JAYCOX, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:25-CV-00147 |
| | § |
| RICHARD TUCKER, *et al.*, | § |
| | § |
| Defendants. | § |

## OPINION AND ORDER OF TRANSFER

Plaintiff Floyd Junior Jaycox, appearing *pro se*, has filed this civil action. (D.E. 1). Plaintiff is currently a Texas prisoner assigned to the Bill Clements Unit in Amarillo, Texas. Plaintiff asserts that this Court has both federal question and diversity jurisdiction over this action. *Id.* at 3.

Plaintiff sues family advisor Richard Tucker and the People's Bank. *Id.* at 2. Plaintiff indicates that both defendants reside in Biloxi, Mississippi. *Id.* Plaintiff alleges:

- he is physically and mentally handicapped;
- Plaintiff's aunt left him a sum of money in her will; and
- Plaintiff was never notified regarding his "share of the estate."

*Id.* at 4-5. According to Plaintiff, his aunt's estate is proceeding through probate in Harrison County, Mississippi. *Id.* at 5. Plaintiff claims that Defendants failed to provide

him with information as to how to claim his inheritance and otherwise failed to provide him with his inheritance. *Id.* at 4. Plaintiff seeks at least $200,000 of his inheritance.[1] *Id.*

As he is housed in the Bill Clements Unit in Amarillo, Texas, Plaintiff does not reside within the Corpus Christi Division of this Court. Pursuant to the general venue statute, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, Defendants neither reside in this district nor are subject to personal jurisdiction in this district. Furthermore, it is clear that a substantial part of the events in this action occurred in Biloxi, Mississippi, which is located in Harrison County and within the Southern Division of the Southern District of Mississippi. *See* 28 U.S.C. § 104(b)(2). Venue, therefore, is not proper in this Court pursuant to § 1391(b).

When venue is improper, the Court shall "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28

---

[1] Plaintiff filed exhibits to his complaint indicating that he seeks civil forms to file a lawsuit out of state against Defendants. *Id.* at 5. It is apparent, however, that Plaintiff intended to file a lawsuit at this time in the Corpus Christi Division of this Court because he has submitted both a completed civil form (D.E. 1) along with a completed *in forma pauperis* application (D.E. 3) and an inmate trust fund account statement (D.E. 4).

U.S.C. § 1406(a). The interests of justice would be served by a transfer of this action to the Southern Division of the Southern District of Mississippi.

Accordingly, **IT IS ORDERED** that this case, including all pleadings, motions, notices, and orders filed therein, is **TRANSFERRED** to the United States District Court for the Southern District of Mississippi, Southern Division. The Clerk is **DIRECTED** to close this case in this division.

ORDERED on June 16, 2025.

_____
Julie K. Hampton
United States Magistrate Judge